[Civ. No. 1252.   Second Appellate District.—September 19, 1913.]

## JOHN O. JOHNSON, Respondent, v. ALL NIGHT AND DAY BANK, Appellant.

BANKS AND BANKING—RECOVERY BY DEPOSITOR OF MONEY PAID BY BANK TO IMPOSTER.—In this action to recover the proceeds of a draft, drawn by the plaintiff on a bank in another state, and deposited with the defendant bank for collection, and paid by the latter bank to a confidence operator who was present when the draft was delivered to the defendant and in whose name the deposit slip was made out, the findings of the trial court, upon conflicting evidence, that the plaintiff did not orally authorize the defendant to pay the money, when collected, to the operator, is conclusive upon the appellate court.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. C. W. Norton, Judge presiding.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

D. K. Trask, for Respondent.

JAMES, J.—Plaintiff being the owner of a one thousand five hundred dollar credit at a bank in South Dakota, drew a draft against that depositary and placed it with defendant for collection. At the time this draft was delivered to defendant bank a man named Dixon, a confidence operator who had chosen plaintiff as a victim, was present, and it appears that the deposit slip issued by defendant as a receipt for the draft was made out in the name of Dixon and delivered to the latter. When the money was collected defendant paid it over to Dixon. Plaintiff later made demand that the one thousand five hundred dollars be paid to him, which the bank refused, and this action was then brought. On a former trial judgment was in favor of defendant. That judgment was reversed upon an appeal heard in this court. (See *Johnson v. All Night and Day Bank*, 17 Cal. App. 571, [120 Pac. 432].) The case coming on for a new trial, plaintiff secured judgment. Defendant's motion for a new trial was denied and this appeal, taken from that order and from the judgment, followed.

The evidence heard at the second trial differed not at all in substance from that presented at the first hearing. It was the contention of defendant that plaintiff had orally directed it to pay over the money when collected to Dixon. Plaintiff testified that he gave no such authorization. Conceding the most that can be allowed in favor of the contention of appellant, that is, admitting that under the proof made it does not appear that a judgment in favor of defendant would find no support in the evidence, it must be agreed that there was a conflict of evidence upon the main issue, a conflict which the findings of the trial judge settled and determined conclusively. The opinion filed when this cause was decided on the first appeal, expresses the present views of the court upon the matters therein discussed.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.